(No. 26990.—)

THE PEOPLE *ex rel.* Blanche Davidson *et al.*, Appellees, *vs.*
PRESTON BRADLEY *et al.*, Appellants.

*Opinion filed January 21, 1943—Petition for rehearing stricken
March 15, 1943.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C.
WINES, of counsel,) for appellants.

URBAN A. LAVERY, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellees, Blanche Davidson, Carl C. Cramer and Frank
W. Phillips, filed a petition in the superior court of Cook

county against Preston Bradley *et al.,* constituting the Teachers College Board of the State of Illinois, appellants, for writs of *mandamus* praying that they be restored to the positions of teachers on the faculty of the Normal School at DeKalb, Illinois. The appellants made a motion to dismiss, which was denied, and later an answer was filed by all of the defendants and a hearing had in open court.

Judgments were entered awarding writs of *mandamus,* commanding appellants to reinstate each of the appellees as a member of the faculty of said college, and to place their names upon the pay roll as of July 5, 1941; ordering the defendants to pay a total salary to each for the year 1941-1942, and commanding and ordering the defendants to retain and employ each of said appellees as a member of the faculty of said school until such time as his or her contract and tenure may be legally terminated. The defendants were also ordered to take such steps and actions as were necessary to permit said appellees to come under the so-called "College and Teachers' Compensation Act," provided they made the necessary contributions therefor. The revenue is involved, requiring the appeal to come to this court.

All of the appellees were teachers in the Normal School at DeKalb, and had been teachers for a number of years at a fixed salary. The findings of the court and the evidence indicate that at the time each of said appellees was employed they were assured by the president or dean of the school there would be a probationary period of employment of three years, after which time they would come under the status of a permanent member of the faculty, and eventually be entitled to retire upon half pay. During the months of May and July, 1941, the appellants held meetings, and, without any notice of a hearing, or a hearing, discharged each of said appellees as teachers.

It is the theory of appellees that, under the terms of their employment and under a long-continued custom and tradition, they were entitled to a continuing tenure as school-teachers until discharged for cause, after notice. It is the contention of appellants that there was no school-tenure act in effect in Illinois, and that the contract claimed to have been made with the president or dean was unauthorized by law; that the appellants had a right to make yearly contracts only, and to refrain from re-employing for another year if they saw fit, and that their acts were justified, whether it amounted to a discharge or a failure to re-employ; and further that the judgment was erroneous because other teachers had been selected to take the place of appellees who were not made parties, and that the judgments requiring the payment of appellees' salaries, in addition to those paid present incumbents, were beyond the power of the court to enter.

There is in force at the present time a statute authorizing school officials to make contracts for continuing tenure of schoolteachers, but that act did not become effective until July 18, 1941, and could not apply to any of the appellees, because it provides that at least one year of the probationary term shall be served after the act goes into effect. (Ill. Rev. Stat. 1941, chap. 122, par. 136(c).) The question then to be determined is: what were the rights of the parties in the absence of the application of the recent statute?

It has long been the law that a public-school board, under authority to appoint teachers and fix their salaries, may not employ them for a tenure longer than the current school year. (*Stevenson* v. *School Directors*, 87 Ill. 255.) And in *Davis* v. *School Directors*, 92 Ill. 293, it was held that a contract to employ a teacher for a period beyond a school year was void. In the case of *People ex rel. Fursman* v. *City of Chicago*, 278 Ill. 318, after referring to the

two decisions above, the court said: "A new contract must be made each year with such teachers as it desires to retain in its employ. No person has a right to demand that he or she shall be employed as a teacher. The board has the absolute right to decline to employ or to re-employ any applicant for any reason whatever or no reason at all." And it was also held in that case that the existence of teachers' pension funds did not confer upon a teacher who had contributed to the fund the right to demand that he or she be re-employed.

Considerable space is devoted to a discussion as to whether the appellees could be removed by the trustees without a notice and hearing, and whether such provision of the original Normal School Act (Ill. Rev. Stat. 1941, chap. 122, par. 462,) had been repealed. Appellees argue from the presence of such a provision for notice of discharge there was an implication that teachers in Normal schools would remain employed from year to year, unless they were removed for cause upon notice. For reasons pointed out we think it is unnecessary to determine whether this section was repealed or not, because, from the decisions mentioned above, requiring a new contract each year for the employment of schoolteachers, such provision for removal for cause, if still in effect, doubtless was intended to apply to removals during the course of a school year.

Appellees call our attention to a number of Illinois cases which are not in point, either upon the question of tenure or of the right to the writ of *mandamus*. *Hartmann* v. *Board of Education,* 356 Ill. 577, upheld the recovery of wages for a calendar year of nine months, where the teacher had been discharged without any just or reasonable cause. Such, also, was the case of *Bowden* v. *Board of Education,* 264 Ill. App. 1. *School Directors* v. *Reddick,* 77 Ill. 628, and *Neville* v. *School Directors,* 36 id. 71, both involved suits for the balance of salary on a yearly contract, where the teachers had been arbitrarily discharged.

In each of these cases plaintiffs recovered in an action at law for breach of contract, but these cases are no authority for the awarding of a writ of *mandamus* to reinstate appellees as schoolteachers.

Our attention is also called to the recent case of *Sloan v. School Directors,* 373 Ill. 511, which is claimed to support appellees' position. This also was a suit for breach of contract for discharge of a teacher who had a contract for three years under section 127(a) of the School Laws. (Laws of 1927, p. 823.) The only effect of this decision was to uphold the act of the legislature in permitting directors to employ teachers for three years instead of one year, as required prior to the enactment of this statute.

Decisions have been cited from other States construing teachers' tenure laws, but each of the decisions is based upon a positive statute in each State permitting such tenure, and they are therefore inapplicable to the present situation and unnecessary to discuss or analyze.

There is no claim in this case by the appellees that they were employed for a period of more than one year, as authorized by the three-year law of 1927, but the sole and principal contention seems to be that the agreement of the president of the school, together with long-established custom, had the same effect as a teachers' permanent-tenure law, such as was enacted in 1941. Vested rights to employment, as teachers in a public school, cannot be acquired by custom, or by the unauthorized act of a school official.

The appellees failed to show a clear right to the writ of *mandamus,* as well as failed to make the proper parties in cases where *mandamus* would lie.

The judgments of the superior court of Cook county are reversed.

*Judgments reversed.*

Mr. JUSTICE MURPHY took no part in the consideration or decision of this case.