(No. 29409.—)

A. M. WILSON, Appellee, *vs.* THE BOARD OF EDUCATION OF SCHOOL DISTRICT No. 126 *et al.*, Appellants.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

HARRY FAULKNER, of Granite City, and J. F. EECK, of Edwardsville, for appellants.

JESSE R. BROWN, of Edwardsville, and HOMER B. HARRIS, of Lincoln, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

A. M. Wilson filed a petition for writ of *mandamus* against the board of education of school district No. 126 in Union township in the county of Madison, and Ralph Z. Miller, president of said board of education, and the members thereof, for the purpose of requiring petitioner to be reinstated as superintendent of schools, and to have paid to him his previous salary, upon the claim that he was entitled to such by reason of the provisions of the Teachers Tenure Law. (Ill. Rev. Stat. 1945, chap. 122, sec. 24-2.) The circuit court granted the writ, and found the amount due to be the sum of $6000. Upon appeal to the Appellate Court for the Fourth District the judgment of the circuit court was modified by changing the amount of money awarded to petitioner-appellee, but otherwise sustaining his right to a writ of *mandamus*. We have allowed an appeal to this court.

The facts disclose petitioner-appellee had been in the employ of the board of education for many years. The petition alleges he was superintendent of schools of the school district for the fiscal year beginning July 1, 1941,

and ending June 30, 1942; and that he had been superintendent of schools of said school district for the fiscal year beginning July 1, 1942, and ending June 30, 1943; and the general allegation that he had been such superintendent for eight fiscal years previous to July 1, 1941, consecutively and continuously. In his petition he makes the allegation by way of conclusion that he has complied with all things necessary to bring him within the Teachers Tenure Law on contractual continued service, and that appellants have done nothing to abrogate appellee's rights under such law, and that by reason of such facts the appellee is deemed to be re-employed for the fiscal year beginning July 1, 1943, and ending June 30, 1944, on the same terms as for the previous fiscal year.

The complaint alleges demand for his salary and refusal upon the part of the board to pay. A motion was made to dismiss the petition, and was overruled. An answer was filed in which appellants deny appellee has qualified under the Teachers Tenure Law, and also deny he has been dismissed, but allege he has been transferred to another school at less salary. The motion to strike this affirmative answer was denied, and the general reply to this answer is that the transfer alleged was illegal and not in accordance with the provisions of the Teachers Tenure Law. An inspection of the pleadings shows the case was not decided so much upon facts as upon issues of law, although the pleadings took the form of petition, answer, and reply.

The questions involved in this appeal have been decided by this court in *Anderson* v. *Board of Education*, 390 Ill. 412, and *People ex rel. Davidson* v. *Bradley*, 382 Ill. 383. In the *Anderson case* we held two things were necessary to state a cause of action under the Teachers Tenure Law: (1) that to come under the provisions thereof the teacher shall have been employed as a full-time teacher for the probationary period of two years, one of

which shall be subsequent to the date this act became effective; (2) that there must be a probationary period of two consecutive years, and that for any part of the probationary period occurring prior to the effective date of the Tenure Law the same must be established as probationary by a contract between the parties, and that this probationary period was a prerequisite, under the statute, to contractual continued service.

In the *Anderson case* we held the term "years" meant calendar years, and therefore the petitioner in that case was denied a writ of *mandamus* because the year was a school year of less than twelve calendar months after the Tenure Law took effect, and hence she did not fulfill the requirement of having one consecutive year of service after it became a law. We also held the part of the period, claimed to be probationary, occurring prior to the date of the act becoming effective could not be counted because there was no contract between the parties making it a probationary period.

No part of the alleged probationary period relied upon by appellee is shown to have been probationary by virtue of a contract. The petition does show that one year, eleven months and eight days of the period of employment served by appellee was after the date of the act. The part of the period lacking two years was served prior to the date the act became effective. Even though we assume appellee was entitled to have the entire period from July 21, 1941, to June 30, 1943, considered as a probationary period, because of the intimation contained in the *Anderson case* that such is the effect except as to service rendered prior to the act, still it was not sufficient to comply with the requirement of the statue that there be a probationary period of two years, since there is no allegation that the performance of the contract prior to July 21, 1941, was a probationary period by reason of a contract between the parties.

In the *Anderson case* we held that the requirements that there be two consecutive years of teaching service, one of which was subsequent to the date of the statute in question, and that there be a probationary period within the meaning of the statute, were essential to bring a teacher within the provisions of the Tenure Law. In *People ex rel. Davidson* v. *Bradley*, 382 Ill. 383, the point involved was that there was no probationary period served by the teacher after the effective date of the act, and under such condition we held the teacher was not entitled to demand the benefits of such act.

While in the present case it appears the probationary period lacked but a short time of being the full two years, still, it is a condition imposed by the act before the teacher is entitled to the benefits of it. In the *Anderson case* we have construed the meaning of "years," and what is required to establish a probationary period, and held they were essential elements to establish a teacher's rights under the act, and, in a complaint seeking to enforce them, were necessary to be stated.

A *mandamus* suit is an extraordinary remedy, and one seeking the writ must show a clear right to it. (*Friedman* v. *City of Chicago*, 374 Ill. 545; *People ex rel. Parker* v. *Board of Appeals*, 367 Ill. 559; *People ex rel. Davidson* v. *Bradley*, 382 Ill. 383.) This requirement has not been met in the present case for the reasons pointed out above. Appellee argues the point cannot be raised for the first time on appeal. It was raised by a motion to dismiss and by answer, but not relied on in the Appellate Court. If merely a good cause of action was defectively stated, appellee's position would be sound, but where no cause of action is stated the question may be raised at any time. (*Connett* v. *Winget*, 374 Ill. 531; *Owens-Illinois Glass Co.* v. *McKibbin*, 385 Ill. 245; *Sargent Co.* v. *Baublis*, 215 Ill. 428.) To the same effect is *Scott* v. *Freeport Motor Casualty Co.* 392 Ill. 332. The complaint in this case fails

to show the appellee has brought himself within the provisions of the Teachers Tenure Law, and hence he was not entitled to a writ of *mandamus* against the school board and its president and members.

The judgments of the Appellate Court for the Fourth District, and of the circuit court of Madison county are reversed.

*Judgments reversed.*