LOUISE R. BESSLER, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF CHARTERED SCHOOL DISTRICT NO. 150 OF PEORIA COUNTY, Defendant-Appellee.

Third District   No. 75-56

Opinion filed September 24, 1976.—Rehearing denied December 7, 1976.

Drach, Terrell & Deffenbaugh, of Springfield (R. W. Deffenbaugh, of counsel), for appellant.

Julian E. Cannell, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Louise Bessler, brought an action against the Board of Education of Chartered School District No. 150 of Peoria County for her reinstatement as a teacher with the school district. Plaintiff filed an amended petition for writ of mandamus and an amended complaint for declaratory judgment and injunctive relief which sought reinstatement and a declaration of her tenured teacher status. The defendant filed a motion for summary judgment which the trial court granted. Plaintiff appealed from that decision and this court reversed and remanded for

further proceedings. *Bessler v. Board of Education*, 11 Ill. App. 3d 210, 296 N.E.2d 89 (1973).

All the relevant facts, admitted on the first appeal, are set out in the earlier opinion (*Bessler v. Board of Education*, 11 Ill. App. 3d 210, 296 N.E.2d 89 (1973)), but we must here reiterate those necessary for disposition of this appeal. Plaintiff was employed by School District No. 150 in October 1970 and commenced teaching duties in November 1970. She was employed by the district almost two months after the school term began. She completed the remainder of the 1970-1971 school year and was reemployed to teach in the district in the school year 1971-1972. She was not notified in writing within 60 days prior to the end of the 1971-1972 school term that she would not be reemployed for the next school term. The defendant's attempt to avoid reemploying her for the 1972-1973 school term precipitated the original law suit. The holding of the appellate court on the first appeal was that the notification sent to plaintiff by the defendant at the end of the 1971-1972 school term did not meet the statutory requirements of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—11) and this appellate court reversed the summary judgment which had been entered on defendant's affirmative defense. Upon remand the circuit court heard the case on October 1, 1973, and took the cause under advisement. A judgment was rendered on November 14, 1974, which only awarded plaintiff damages for breach of contract in the sum of $12,115 and costs. Because of the date of the appellate court opinion (May 1973) it was impossible for plaintiff to teach during the 1972-1973 school term. When the trial court rendered an opinion (November 1974) upon remand the 1974-1975 school term had already begun and plaintiff still was not teaching for defendant. The plaintiff filed a post-trial motion requesting the trial court to amend its judgment order to reflect consideration of the relief sought by plaintiff in her pleadings, namely, recovery of attorney fees and reinstatement as a teacher of the school district. The trial court heard counsel's arguments and denied plaintiff's post-trial motion.

The plaintiff has appealed from both the judgment and that order claiming the trial court erred in not awarding her attorney fees and refusing to compel the school district to reinstate her. Defendant has cross-appealed claiming the damages awarded are excessive.

As a threshold issue we must determine whether the judgments appealed from are final appealable orders sufficient to confer jurisdiction upon the appellate court. Before considering an appeal on its merits, it is the duty of an appellate court to first determine that the appeal has been properly taken so as to invoke the court's jurisdiction. (*Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 325 N.E.2d 698.) All errors relied upon for reversal by plaintiff were preserved in the post-trial

motion before the trial court. The trial judge was given an opportunity to rule on the issues raised by the pleadings which were not included in the original judgment order. The trial court chose to deny the post-trial motion by its refusal to amend the earlier judgment order to reflect a denial of the relief sought. The denial of the post-trial motion necessarily denied the relief sought by plaintiff's pleadings. It has been widely held "that the only attribute indispensable to the finality of a judgment or order is that it terminate the litigation between the parties to the suit." (*Peach v. Peach* (1966), 73 Ill. App. 2d .72, 78, 218 N.E.2d 504, 507.) The litigation between the parties was effectively given finality by the denial of plaintiff's post-trial motion.

This case presents three issues for review (1) whether plaintiff is entitled to be reinstated as a teacher with defendant school board with or without tenure, (2) whether plaintiff should be allowed to recover her attorney fees, (3) whether the damages awarded to plaintiff are excessive as contended in defendant's cross-appeal.

Plaintiff argues several alternative theories to support her claim for reinstatement with tenure. The first theory suggests that plaintiff attained contractual continued service status at the conclusion of the 1971-1972 school term. Section 24—11 of the School Code provides that a teacher must be employed for two consecutive school terms to attain tenure. The statute defines school term as that portion of the school year July 1 to the following June 30, when school is in actual session. The case of *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562, held that a teacher would obtain tenure only after being employed two full calendar years. The same reasoning was followed in *Wilson v. Board of Education* (1946), 394 Ill. 197, 68 N.E.2d 257. We see no reason for adhering to a different rule here where plaintiff had not engaged in teaching with the defendant district for two consecutive school terms as defined by statute and interpreted by the courts. Plaintiff contends that an addition to section 24—11 in 1969 by the 76th General Assembly was intended to change the rule of law set out in *Anderson v. Board of Education* (1945), 390 Ill. 412, 61 N.E.2d 562, and subsequent cases. That amendment (Ill. Rev. Stat. 1975, ch. 122, par. 24—11) provides in pertinent part:

> "Any full-time teacher who is completing the *first* year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular contract to the employee as

though the board has reemployed him in the usual manner. (Emphasis added.)

This statutory provision requires a school board to notify a full-time probationary teacher at least 60 days before the end of the school term whether or not the teacher will be reemployed. The results of a bad notice under this section mandates that the school board issue a regular contract to the teacher for the next school year. No specific mention is made of the teacher acquiring contractual continued service status thereby. The purpose of the amendment was to provide probationary teachers with additional job protection that they formerly did not possess. We believe the use of the January 1 date in the statute was intended only to classify and define what the legislature intended by full-time probationary teachers who would be protected by the amendment. We believe the use of the January 1 date was not intended to shorten the two full consecutive years of employment necessary for acquiring tenure. Accordingly we conclude that plaintiff did not attain tenure status as a result of the defendant's bad 60-day notice at the conclusion of the 1971-1972 school term as she had not completed two full consecutive school years with the district.

■■■ Alternatively plaintiff argues that she became a tenured teacher at the end of the 1972-1973 school term because she was never properly dismissed under any procedure required by the School Code (Ill. Rev. Stat. 1971, ch. 122). (*Bessler v. Board of Education*, 11 Ill. App. 3d 210, 296 N.E.2d 89 (1973).) Although this court previously held that plaintiff was not given proper notice, and accordingly that she would be entitled by statute to a new contract for the 1972-1973 school year upon remand if the evidence supported such a result, our opinion did not necessitate that tenure would automatically result at the conclusion of the 1972-1973 school year. Though the record does not reflect that defendant gave a new notice to plaintiff at least 60 days prior to the end of the 1972-1973 school year that she would not be reemployed, we do not agree that a re-employment effected by operation of law during the pendency of an appeal questioning the sufficiency of a notice would be sufficient to confer upon her contractual continued service status where the teacher did not actually teach for two consecutive probationary years. One of the primary purposes of the Teacher Tenure Law is to protect Illinois teachers from the arbitrary and capricious actions of the local boards of education. (*Donahoo v. Board of Education*, 413 Ill. 422, 109 N.E.2d 787 (1952); *Hauswald v. Board of Education*, 20 Ill. App. 2d 49, 155 N.E.2d 319 (1958); *Graham v. Board of Education*, 15 Ill. App. 3d 1092, 305 N.E.2d 310 (1973).) The purpose of the two-year probationary period before tenure is mandated even to an unwilling school board is to impose a duty upon and to provide an opportunity for school boards to observe

and evaluate the actual performance of a teacher's work for two years. (*Elder v. Board of Education*, 60 Ill. App. 2d 56, 208 N.E.2d 423 (1965).) The legislature conferred upon the local school board the right to two years of probationary period to determine if the teacher is qualified to enter into tenure status. We are obligated to construe these purposes in a consistent manner if possible. (*Graham v. Board of Education*, 15 Ill. App. 3d 1092, 305 N.E.2d 310 (1973).) Hence we hold that plaintiff has not yet attained tenure status. Our holding is that she has completed only one year of probationary teaching. Pursuant to this same court's earlier ruling in *Bessler v. Board of Education*, 11 Ill. App. 3d 210, 296 N.E.2d 89 (1973), because of the defective notice, plaintiff was entitled to be reemployed for a second probationary year and should have been reinstated in her teaching position. Reinstatement and compelling defendant to allow plaintiff to teach for the 1972-1973 school year and all subsequent past years is impossible. She was awarded damages in the amount of her salary for the period she was under contract by operation of law but not for teaching. It will be necessary to remand the case to the trial court with directions that plaintiff's damages be recomputed to include all her lost salary, and that plaintiff be reinstated to her teaching position for the current or next school year as her second consecutive probationary year. See *School District v. Karabetsos*, 17 Mich. App. 10, 168 N.W.2d 654 (1969).

■■ For purposes of acquiring tenure we hold that the next year plaintiff actually teaches shall be deemed her second consecutive probationary year regardless of the intervention of several years in the meantime in which she has not taught. Given the ultimate result we reach, this conclusion is required because of the delays and impossibility for plaintiff to teach during the 1972-1973 school year and subsequent years. Such a result will allow the defendant adequate opportunity to observe and evaluate plaintiff's teaching job for the required two (consecutive) school terms at the end of which she may be rehired with the result of her acquiring tenure or be dismissed as a probationary teacher if the school board complies with all the statutory procedures.

Plaintiff raises as a second issue whether the trial court should have allowed her to recover her attorney fees as an element of her damages. Because of the view we have taken of the tenure issue raised it is unnecessary to consider this issue on its merits. No statutory provision has been called to our attention which provides for the awarding of attorney fees to a wrongfully discharged *probationary* teacher. *Waller v. Board of Education*, 28 Ill. App. 3d 328, 328 N.E.2d 604 (1975).

■■ Defendant has cross-appealed claiming the damages awarded to plaintiff are excessive. Given the result we reach in this case it is our ruling that the damages awarded are not excessive. Plaintiff's salary for the 1972-

1973 school year was $10,609. It was further stipulated that her salary for the 1973-1974 school term was $11,152. It is clear that the damages awarded are not excessive but to the contrary are inadequate. Consistent with the directives of this opinion the trial court should on remand determine and recompute the additional damages from all lost salary that plaintiff incurred.

Reversed and remanded with directions.

STOUDER, P. J., and STENGEL, J., concur.