(No. 49160.—

LOUISE R. BESSLER, Appellee, v. THE BOARD OF EDUCATION OF CHARTERED SCHOOL DISTRICT NO. 150 OF PEORIA COUNTY, ILLINOIS, Appellant.

*Opinion filed November 30, 1977.*

William McD. Frederick, Julian E. Cannell, and Phillip

B. Lenzini, of Peoria (Kavanagh, Scully, Sudow, White & Frederick, of counsel), for appellant.

Drach, Terrell and Deffenbaugh, of Springfield, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Louise Bessler, a probationary teacher in Chartered School District No. 150 of Peoria County, filed this action in the circuit court of Peoria County against the defendant board of education alleging that her employment with the district had been improperly terminated. She sought an injunction and the issuance of a writ of *mandamus* reinstating her as a teacher, and a declaratory judgment that she had attained tenured status. The circuit court allowed defendant's motion for summary judgment. The appellate court reversed, and remanded the cause for further proceedings. (11 Ill. App. 3d 210.) On remand, the circuit court awarded plaintiff $12,115 as damages for breach of contract, and costs. She appealed contending that the circuit court erred in failing to order her reinstated as a teacher and in denying her request for attorney fees. Contending that the damages awarded were excessive, defendant cross-appealed. The appellate court reversed that portion of the judgment which denied plaintiff reinstatement and ordered her reinstated as a second-year probationary teacher. It affirmed the denial of attorney fees but found the damages awarded were inadequate and remanded the cause to the circuit court with directions to recompute damages. (43 Ill. App. 3d 322.) We allowed defendant's petition for leave to appeal.

Plaintiff was employed by defendant as a full-time teacher on October 28, 1970, and taught for the remainder of the 1970-71 school term. She was reemployed and taught in the district for the 1971-72 school term. In an

executive session held prior to March 28, 1972, defendant decided not to reemploy plaintiff for the 1972-73 school term. On March 28, 1972, by registered mail, she was given written notice from the personnel director of the district that she would not be reemployed for the 1972-73 school term. Public action on the decision not to reemploy plaintiff was taken by defendant at its regularly scheduled meeting on April 10, 1972, and at that time she was notified by defendant of the action taken. Defendant did not issue plaintiff a contract prior to "the close of the then current school term." (See Ill. Rev. Stat. 1971, ch. 122, par. 24—11.) On June 16, 1972, plaintiff filed this action. It is alleged in the amended complaint that in attempting to terminate her teaching contract defendant failed to comply with the provisions of section 24—11 of the School Code (Ill. Rev. Stat. 1971, ch. 122, par. 24—11) and that she "is entitled to the benefits provided by Section 24—11 of the School Code of the State of Illinois for teachers who are completing the first year of their probationary period."

Section 24—11, in pertinent part, provides:

"Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. ***

Any full-time teacher who is completing the first year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular

*contract to the employee as though the board had reemployed him in the usual manner.*"

The circuit court allowed defendant's motion for summary judgment. In reversing the judgment, the appellate court (11 Ill. App. 3d 210) rejected defendant's contention that its public action ratified both its action taken in executive session and the action of its personnel director, and held that defendant was required to take public action and notify plaintiff 60 days prior to the close of the then current school term. It remanded the cause for further proceedings. No appeal was taken from that decision.

At trial, following remand, the testimony showed that after being refused employment by defendant, plaintiff did not seek employment with any other school district as a teacher, or seek any other type of employment because she "was waiting for this case to be decided." Had she been employed by defendant her salary for the 1972-73 school year would have been $10,680, and for the 1973-74 school year $11,152. Her attorney fees to the time of trial were $2,410, for which she had not been billed, and it was her "impression" that her teachers' association would pay her legal fees. The circuit court awarded her damages in the amount of $12,115, being the amount of her loss of income to the date of trial, but refused either to order her reinstated or to allow her attorney fees.

The appellate court held that plaintiff did not acquire tenure status at the end of the 1972-73 school term for the reason that although she was "employed" for two consecutive school terms, she had not taught for two consecutive school terms; that she was entitled to reinstatement as a second-year probationary teacher and that she was entitled to all of her lost salary as damages.

Plaintiff argues here, as she did in the appellate court, that she attained contractual continued service status at the conclusion of the 1971-72 school term. We do not

agree. We agree with the appellate court that under section 24—11, in order to attain contractual continued service, plaintiff was required to be employed full time in the district for two consecutive school terms; that a "school term" is that portion of the school year July 1 to the following June 30 when school is in actual session; that in *Anderson v. Board of Education*, 390 Ill. 412, and *Wilson v. Board of Education,* 394 Ill. 197, this court held that a teacher would attain tenure only after being employed two full calendar years; and that the 1969 amendment requiring the 60-day notice concerning reemployment for a full-time, first-year probationary teacher or a full-time teacher employed prior to January 1 was not intended to shorten the requirement of two consecutive and complete school terms of teaching by a full-time teacher in the district in order to attain tenured status. We hold that plaintiff did not attain contractual continued service with the defendant school district at the conclusion of the 1971-72 school term for the reason that she had not been employed by the district as a full-time teacher for two consecutive school terms.

Having concluded that plaintiff had not attained contractual continued service we consider the remedy appropriate for defendant's failure to give plaintiff timely statutory notice that she would not be reemployed for the 1972-73 school term. Plaintiff contends that because of defendant's failure to give her proper notice at the end of the 1971-72 school term, she was "deemed reemployed" for the 1972-73 school term; that she was not, as required by section 24—11, given written notice by registered mail of dismissal, stating the specific reason therefor, at least 60 days before the end of the 1972-73 school term; that she therefore was "employed" in the district as a full-time teacher for a probationary period of two consecutive school terms and achieved contractual continued service status at the end of the 1972-73 school term. In the

alternative she argues that if she is not entitled to reinstatement as a tenured teacher, she must be reinstated as a second-year probationary teacher; that awarding damages for lost pay is not a sufficient remedy; that reinstatement would provide her an opportunity during a second probationary year to prove her teaching abilities and that if she did not prove her teaching ability defendant could dismiss her at the end of the second probationary year. She also contends that she is entitled to back pay for all the years she has not worked while this case has been in litigation.

Defendant argues that plaintiff did not acquire tenure status at the end of the 1972-73 school term, that she is not entitled to reinstatement as a second-year probationary teacher and that she is entitled, at most, to damages in the amount of one year's salary.

Under the provisions of section 24—11, by operation of law, plaintiff had a one-year contract for the 1972-73 school term. Defendant's refusal to permit her to perform her part of the contract constituted a breach of contract and effected its termination, and plaintiff was not defendant's employee for the 1972-73 school term. Since she was not employed by the school district for two consecutive school terms, she did not attain contractual continued service after the 1972-73 school term.

This court has consistently held that a writ of *mandamus* will not issue for the reinstatement of a nontenured teacher. (*Wilson v. Board of Education*, 394 Ill. 197; *Anderson v. Board of Education*, 390 Ill. 412; *People ex rel. Davidson v. Bradley*, 382 Ill. 383.) The appropriate remedy for the wrongful discharge of a nontenured teacher is an action for breach of contract. (*Hartmann v. Board of Education*, 356 Ill. 577.) The measure of damages is the salary provided in the contract (*School Directors v. Reddick*, 77 Ill. 628) reduced by such sums as the wrongfully discharged teacher has earned or by

reasonable diligence could have earned in other employment subsequent to the discharge (*Doherty v. Schipper & Block,* 250 Ill. 128). The employer has the burden of showing that the employee could or did have other earnings subsequent to the wrongful discharge and that those earnings stemmed from employment incompatible with the employment from which he was wrongfully discharged. (*People ex rel. Bourne v. Johnson,* 32 Ill. 2d 324.) On this record, plaintiff was entitled to judgment in the amount of $10,680, the amount she would have earned for the 1972-73 school term as damages for breach of contract, and costs. We have considered plaintiff's argument that under the provisions of section 24—12 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 24—12) she may recover her attorney fees and agree with the appellate court that there is no statutory authority for the award of attorney fees to a wrongfully discharged probationary teacher.

The judgment of the appellate court is affirmed in part and reversed in part, and the cause is remanded to the circuit court for entry of a judgment in accordance with this opinion.

*Affirmed in part and reversed in part and remanded, with directions.*