HIDDEN COVE MARINA, INC., Plaintiff-Appellant, *v.* ANNA MONDELLO, Defendant and Third-Party Plaintiff-Appellee—(The Village of Fox Lake, Third-Party Defendant-Appellee).

Second District   No. 82—886

Opinion filed August 3, 1983.

Markham M. Jeep, of Charles M. May, Ltd., of Waukegan, for appellant.

Glen E. Amundsen, of Querrey, Harrow, Gulanick & Kennedy, of Waukegan, for appellee Anna Mondello.

Howard Teegen, of Soffietti, Johnson, Teegen & Phillips, of Fox Lake, for appellee Village of Fox Lake.

JUSTICE UNVERZAGT delivered the opinion of the court:

Hidden Cove Marina, Inc. (Hidden Cove), plaintiff, appeals from that part of a Lake County circuit court summary judgment denying that portion of its small claims complaint requesting payment from Anna Mondello, defendant, for the storage of her car pursuant to article II of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 4—201 et seq.). The trial court granted Hidden Cove its request for payment for the towing of Ms. Mondello's car. On appeal, Hidden Cove argues that the Illinois Vehicle Code permits it to recover for its storage charges as well as its towing charges. We affirm.

Section 4—203(e) of the Illinois Vehicle Code (Code) provides that "[w]hen a vehicle removal from either public or private property is authorized by a law enforcement agency, the owner of the vehicle will be responsible for all towing costs." (Ill. Rev. Stat. 1981, ch. 95½, par. 4—203(e).) No question is raised concerning the police department's authority to remove defendant's car; the only issue concerns whether towing costs include storage fees, a question of statutory construction.

The first canon of statutory interpretation is to ascertain and give effect to the legislative intent as expressed in the statute. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d

42, 46.) Provisions of a statute should be read in light of the statute as a whole. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135.) The legislative intent usually appears from a consideration of the statute's language which affords the best means of its exposition. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 194.) The words used in the statute are assumed to have been intended to retain their ordinary and popularly understood meaning. (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 215.) If the legislative intent can be ascertained from the language of the statute, the language prevails and will be given effect; the court may not declare that the legislature did not mean what the plain language of the statute imports. *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.

The legislature's sole use of the word "towing" limits a car owner's financial obligation to the cost in removing the car, not the cost incurred in its storage. The legislature's differentiation between towing and storage charges in section 4—207 of the Code, where it provides that "[n]o vehicle shall be released to the owner *** until all towing and storage charges have been paid" (Ill. Rev. Stat. 1981, ch. 95½, par. 4—207), further indicates that in section 4—203 the legislature intended that a towing company be able to recover only towing charges, not storage charges.

■ The only means provided by the Code for a car tower to recover storage charges from the owner of a car is where the owner seeks to reclaim the car before it is disposed of at public sale or otherwise. (Ill. Rev. Stat. 1981, ch. 95½, par. 4—207.) This section does not give Hidden Cove the right to sue the owner of a car without that owner seeking to reclaim it. Since neither defendant nor her insurance carrier seek to reclaim the car, Hidden Cove may not recover its storage charges.

In affirming the trial court, we do not wish to imply that this section of the Code applies to cars which have been towed because they were illegally parked. The parties never raised this issue on appeal, and we decline to address it.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and VAN DEUSEN, JJ., concur.