RONALD L. HOWARD, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF FREEPORT SCHOOL DISTRICT NO. 145, Defendant-Appellee.

Second District    No. 2—86—1154

Opinion filed September 4, 1987.

Pedderson, Menzimer, Conde, Stoner & Killoren, of Rockford (Thomas A. Bueschel, of counsel), for appellant.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Chicago (Allen D. Schwartz, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Ronald Howard, appeals from a judgment rendered by the circuit court in favor of the defendant, board of education of Freeport School District No. 145, in an action in which plaintiff sought declaratory judgment and *mandamus* to compel the defendant school district to reinstate plaintiff as a teacher and to grant him tenure. Plaintiff contends that the trial court erred in finding that the notice.

of his dismissal was timely and that it adequately set forth the reason for dismissal.

The following facts were adduced at trial and are undisputed. Plaintiff was employed by the defendant school district on July 1, 1984, as an administrative assistant for support services. He was responsible for supervising custodial, maintenance and transportation services within the district, and was considered to be a probationary teacher for purposes of the applicability of the tenure laws (Ill. Rev. Stat. 1985, ch. 122, par. 24—11). Plaintiff was formally evaluated in 1985, and was then reemployed for the 1985-86 school term. Plaintiff's 1986 evaluation, however, suggested deficiencies in the area of his responsibilities for personnel, and, prior to his subsequent dismissal, the district superintendent met with plaintiff several times to discuss specific problems involving plaintiff's secretary, bus drivers, bus aides, and public relations.

The original calendar established by the school board for the 1985-86 school year set the opening date of the school term on August 21, and the closing date on June 6. August 21, 22, February 11, and June 6 were scheduled as institute days. The closing date was subsequently revised by the board to June 9 to account for the addition of Casimir Pulaski's birthday as a holiday.

On April 2, 1986, the school board voted to dismiss plaintiff, and on April 3, plaintiff received a written notice of dismissal which stated as the reason for his dismissal "your inability to adequately supervise employees under your control." During the April 2 meeting, the board also voted to revise the school calendar to account for unused snow days, and set May 30 as the last day of classes and June 2 as an institute day. No classes were held on June 2, as this was graduation day; however, teachers were required to attend and were paid for this day.

In entering judgment for the defendant school board, the trial court found that the notice of dismissal was timely and that it adequately set forth the reasons for plaintiff's dismissal.

Plaintiff contends that the notice of dismissal was untimely in that the school term ended on May 30, which was the last day of classes, and he did not receive notice of his dismissal at least 60 days prior thereto. Defendant argues that the school term ended on June 2, which was, albeit an institute day, the closing day set by the school calendar.

The School Code provides, in pertinent part:

"As used in this and the succeeding Sections of this Article, *** "school term" means that portion of the school year, July 1

to the following June 30, when school is in actual session. ***

Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period." (Ill. Rev. Stat. 1985, ch. 122, par. 24—11.)

Plaintiff argues that the phrase "actual session" refers to pupil attendance days, and that for purposes of the 60-day notice of dismissal, the end of the school term is determined by the last pupil attendance day.

■ The provisions of a statute should be construed in light of the statute as a whole (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135, 398 N.E.2d 823; *Hidden Cove Marina, Inc. v. Mondello* (1983), 117 Ill. App. 3d 21, 23, 452 N.E.2d 765), and statutory provisions relating to the same subject matter should be construed harmoniously where possible. *In re Petition of Sullivan* (1985), 134 Ill. App. 3d 455, 460, 480 N.E.2d 1283; *Springfield Park District v. Buckley* (1986), 140 Ill. App. 3d 524, 529, 488 N.E.2d 1071.

Under section 10—19 of the School Code, school boards are empowered to establish an annual school calendar, and must ensure a minimum term of at least 185 days, of which 176 days must constitute days of actual pupil attendance. (Ill. Rev. Stat. 1985, ch. 122, par. 10—19.) The school term includes institute days (Ill. Rev. Stat. 1985, ch. 122, par. 24—1), and teacher attendance on such days is mandatory, and is considered time expended in the service of the school district. (Ill. Rev. Stat. 1985, ch. 122, par. 24—3.) A school district may use one of its four institute days on the last day of the school term. Ill. Rev. Stat. 1985, ch. 122, par. 3—11.

Plaintiff has offered no authority, and we are aware of none, supporting a construction of the phrase "school term," as it is used in section 24—11, which is inconsistent with other related provisions of the School Code. It follows from these provisions that institute days are part of the school term, and that the duration of the school term for purposes of the timeliness of a 60-day notice under section 24—11 includes institute days. We do not consider the phrase "actual session" as imposing a special definition of "school term" for purposes of the tenure provisions of the Code.

The history of the teacher tenure law supports this construction of the statute. The Historical Note to section 24—11 indicates that at the same time the statute was amended to add the definition of

"school term" in the first paragraph, elsewhere in the section "term" was substituted for "year." (Ill. Ann. Stat., ch. 122, par. 24—11, Historical Note, at 341 (Smith-Hurd 1962).) Also, when the teacher tenure law was first adopted, it provided that a teacher must be employed for "two consecutive years" as a prerequisite to attaining tenure, which our supreme court construed to mean two consecutive calendar years. (*Anderson v. Board of Education* (1945), 390 Ill. 412, 422, 61 N.E.2d 562; *Wilson v. Board of Education* (1946), 394 Ill. 197, 201, 68 N.E.2d 257.) Thereafter, the law was amended to read "two consecutive school terms" (1949 Ill. Laws 1432), and by defining "school term" in section 24—11, the apparent intent of the legislature was to distinguish between the school year and the calendar year.

■ In the present case, as the school term ended on June 2, 1986, and the notice of dismissal was received by defendant on April 2, it complied with the 60-day notice requirement.

■ Plaintiff also contends that the notice of dismissal was ineffective as it failed to state a specific reason for the dismissal, as required by section 24—11. The reason stated in the notice for plaintiff's dismissal was "your inability to adequately supervise employees under your control."

The School Code distinguishes between the dismissal of probationary teachers and tenured teachers. While a tenured teacher is entitled to notice, hearing, and a bill of particulars as to the cause for his dismissal, the nontenured teacher need only be provided with a specific reason for his dismissal. *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 75, 331 N.E.2d 335.

In *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787, our supreme court held that a notice of dismissal was insufficient because it set forth no reasons whatsoever. The court did not state how specific the notice must be, but in *Wade v. Granite City Community Unit School District No. 9* (1966), 71 Ill. App. 2d 34, 36, 218 N.E.2d 19, *appeal denied* (1966), 34 Ill. 2d 630, the appellate court defined the phrase "specific reason" to mean that it must fairly apprise the teacher of the alleged deficiency upon which the employer-school board bases its dismissal action, and with sufficient specificity to enable the teacher to refute the charge. In *Wade*, the court considered that the statement "your present certificate does not meet the requirements of the district for your position" as meeting the statutory criterion. In *Wesclin Education Association v. Board of Education* (1975), 30 Ill. App. 3d 67, 73, 331 N.E.2d 335, the court held sufficient a notice of dismissal on grounds of "unsatisfactory performance."

■ In the present case, the stated reason for dismissal was sufficient as it contained a specific reference to plaintiff's supervisory duties. Furthermore, the perceived deficiencies in plaintiff's job performance were disclosed to plaintiff in his 1986 evaluation and specific problems with employees under plaintiff's supervision were discussed with him on several occasions prior to his dismissal. Under these circumstances, we conclude that the notice met the specificity requirements of the statute.

■ ■ In support of the judgment, defendant argues that *mandamus* is not an appropriate remedy where the discretionary authority of the school board is involved. *Mandamus* is an extraordinary remedy which is appropriate only where there is a clear right to the requested relief, a clear duty on the defendant to act, and clear authority in the defendant to comply with the terms of the writ. (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78; *Franks v. Tucker* (1985), 132 Ill. App. 3d 455, 462, 476 N.E.2d 1315.) Although a writ of *mandamus* will not issue for the reinstatement of a nontenured teacher (*Bessler v. Board of Education* (1977), 69 Ill. 2d 191, 198, 370 N.E.2d 1050), this plaintiff has alleged that he had attained tenure by operation of statute and was entitled to reinstatement. A writ of *mandamus* would have been proper had plaintiff established that the school board failed to dismiss him in accordance with the statute. (See *Anderson v. Board of Education* (1945), 390 Ill. 412, 435, 61 N.E.2d 562; *Wilson v. Board of Education* (1946), 394 Ill. 197, 201, 68 N.E.2d 257; *Betebenner v. Board of Education* (1949), 336 Ill. App. 448, 84 N.E.2d 569.) However, since plaintiff failed to bring himself within the tenure statute, we conclude that the trial court properly denied issuance of the writ.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DUNN and HOPF, JJ., concur.