NANCY M. BOOKER, Plaintiff-Appellee, *v.* HUTSONVILLE SCHOOL DISTRICT NO. 1, Defendant-Appellant.

Fifth District  No. 81-548

Opinion filed July 1, 1982.

David M. Correll, of Robinson, and Miller & Tracy Law Offices, P. C., of Monticello, for appellant.

Larry Battershell, of Robinson, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

This is an appeal brought by defendant, Hutsonville School District No. 1, seeking a reversal of the trial court's finding that plaintiff, Nancy M. Booker, was a full-time teacher within the meaning of section 24—11 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—11) and, therefore, entitled to reinstatement to her teaching position.

On August 6, 1980, plaintiff filed a two-count complaint seeking a declaratory judgment that she was a full-time teacher under both section 16—106 of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, par. 16—106) and section 24—11 of the School Code, which requires notice of the termination of the employment of probationary and full-time teachers. The case was tried before the court without a jury on September 2, 1981.

Plaintiff testified that in August 1979 she was contacted by defendant regarding possible employment as a kindergarten teacher. She said that defendant, through Kent Anderson, "reasonably assured" her that she would be employed for one year. She was told that for the first 20 days she would receive a substitute teacher's salary and thereafter would be on the regular teacher pay schedule. She stated that there was no discussion regarding fringe benefits. Plaintiff worked from 8 a.m. to 3:45 p.m. for the full school year of 1979-1980 and received one sick day per month. During the course of the school year, her teaching was evaluated by her principal, Mr. Anderson. She testified that she received no official notice that she would not be re-employed for the following school year; however, she indicated that she knew that the teacher whose position she had taken was to return. On cross-examination, plaintiff said she was told prior to employment that she was filling in for a teacher, Elizabeth Rose Mehler, who was taking a disability leave. She further testified that she was not issued a regular teaching contract.

Mrs. Mehler testified that she estimated that her disability leave would last for one full school year and stated that she intended to return to her teaching duties for the 1980-81 school term.

Mr. Kent Anderson, the principal of the defendant's elementary schools, testified that plaintiff was hired to work for the 1979-80 school year as a replacement for Mrs. Mehler, who still retained her position under the terms of the disability leave that she had been granted. He said that he told plaintiff that he could provide no security in her job and that her employment would be on a "day-to-day basis." He said he informed plaintiff that there would be no sick leave, paid retirement, or other benefits. In September, however, the school board granted plaintiff sick leave of one day per month, which was two days more than teachers under contract could receive. He said that sometime in January 1980 he told plaintiff that Mrs. Mehler would be returning to teach the next school year and that plaintiff should seek other employment.

Mr. Gary Matteson, the superintendent of the defendant's schools, testified that under the temporary disability status granted Mrs. Mehler, the defendant had an obligation to maintain her teaching position for her. He stated that Mr. Anderson was instructed by the school board to find a job applicant to replace Mrs. Mehler who was willing to accept a teaching position on a temporary basis. He said that it was school board policy to pay substitute teachers a salary commensurate with the regular teachers' pay schedule after 20 days' service because substitute teachers' pay was thought to be insufficient. He further testified that special school board action was required to grant plaintiff one day per month sick leave.

On September 21, 1981, the trial court found that plaintiff was a full-time teacher under both section 16—106 of the Illinois Pension Code

and section 24—11 of the School Code. The court ordered that plaintiff be considered to be a full-time teacher under the Illinois Teacher Retirement System for the school year 1979-80 and that she be "deemed to be re-employed for the school year 1980-81." On appeal defendant seeks reversal of the trial court's determination that plaintiff was a teacher entitled to notice under the provisions of section 24—11 of the School Code and, alternatively, attacks the propriety of plaintiff's reinstatement as a remedy in the instant case.

Section 24—11 of The School Code, in pertinent part, provides:

"Boards of Education—Boards of School Inspectors—Contractual continued service. As used in this and the succeeding Sections of this Article, 'teacher' means any or all school district employees regularly required to be certified under laws relating to the certification of teachers, 'board' means board of directors, board of education or board of school inspectors, as the case may be, and 'school term' means that portion of the school year, July 1 to the following June 30, when school is in actual session. This Section and Sections 24—12 through 24—16 of this Article apply only to school districts having less than 500,000 inhabitants.

Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor, by registered mail by the employing board at least 60 days before the end of such period. * * * If, however, a teacher has not had one school term of full-time teaching experience before the beginning of such probationary period, the employing board may at its option extend such probationary period for one additional school term by giving the teacher written notice by registered mail at least 60 days before the end of the second school term of the period of 2 consecutive school terms referred to above. Such notice must state the reasons for the one year extension and must outline the corrective actions which the teacher should take to satisfactorily complete probation.

Any full-time teacher who is completing the first year of the probationary period described in the preceding paragraph, or any teacher employed on a full-time basis not later than January 1 of the school term, shall receive written notice from the employing board at least 60 days before the end of any school term whether or not he will be re-employed for the following school term. If the board fails to give such notice, the employee shall be deemed reemployed, and not later than the close of the then current school term the board shall issue a regular contract to the employee as though the board had reemployed him in the usual manner.

* * *

Contractual continued service shall continue in effect the terms and provisions of the contract with the teacher during the last school term of the probationary period, subject to this Act and the lawful regulations of the employing board." Ill. Rev. Stat. 1979, ch. 122, par. 24—11.

Initially, it must be determined whether the third paragraph of section 24—11 is applicable to the plaintiff. Defendant argues that this particular paragraph of section 24—11 was enacted solely for the benefit of probationary teachers and cannot be applied to a teacher such as plaintiff who is serving in a substitute capacity. Plaintiff, on the other hand, points to the language of the third paragraph of section 24—11 and argues that the words "any teacher employed on a full-time basis" include a person such as herself who has worked a full school day for a full school year.

■■ Plaintiff correctly contends that the language used in a statute should be given its plain and ordinary meaning. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587.) However, it is the intent of the legislature which is the touchstone upon which any statutory interpretation must be based (*Village of Lombard v. Pollution Control Board* (1977), 66 Ill. 2d 503, 507, 363 N.E.2d 814, 816), and the literal language of a statute is not controlling where the object and purpose of the legislature is clearly ascertainable. *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 395, 251 N.E.2d 253, 259.

■■ The intent of the legislature in enacting section 24—11 of The School Code was recently discussed by our supreme court in *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 423 N.E.2d 903. There the court stated:

> "The dispositive factor in our consideration is a determination of the intent of the legislature in enacting sections 24—11 and 24—12 of the School Code. One objective of teacher tenure is 'to assure continuous service on the part of teachers of ability and experience.' (*Lenard v. Board of Education* (1979), 74 Ill. 2d 260, 268.) The tenure system is, we believe, intended to provide continuity and stability for students; provide some degree of job security, thus affording teachers the ability to pursue a career free from arbitrary hiring and firing; attract teachers of high quality; and retain experienced teachers. Since, however, the statutes create liabilities where none would otherwise exist, they must be strictly construed in order not to unduly interfere with the responsibility of local boards to efficiently operate the educational systems. *Illinois Education Association Local Community High School District 218 v. Board of Education* (1975), 62 Ill. 2d 127.

Section 24—11 focuses on the notice of dismissal as the operative fact in preventing tenure from arising. The statute gives teachers considerable protection, since it requires that the board take action in order to prevent tenure and treats silence as resulting in tenure. * * *" (85 Ill. 2d 338, 344, 423 N.E.2d 903, 906.)

Therefore, while section 24—11 affords teachers protection against arbitrary and capricious action on the part of a school board, it must be strictly interpreted so as to allow local school boards to operate with some flexibility. Applying these principles to the instant case, we conclude that the school board was justified in its belief that compliance with the third paragraph of section 24—11 was not necessary.

■■ It has been observed that the third paragraph of section 24—11 was intended to protect "full-time probationary teachers." (*Bessler v. Board of Education* (1976), 43 Ill. App. 3d 322, 326, 356 N.E.2d 1253, 1256, *aff'd in part & rev'd in part* (1977), 69 Ill. 2d 191, 370 N.E.2d 1050.) We agree with this observation and conclude that a teacher without probationary status is not covered by the notice provisions found in the third paragraph of section 24—11.

We are of the opinion that the status of a probationary teacher is separate and distinct from that of a substitute teacher. (*Cf. People ex rel. Thomas v. Board of Education* (1963), 40 Ill. App. 2d 308, 313, 188 N.E.2d 237, 240.) A probationary teacher's employment " 'will ripen into a permanent position.' " (*Strejcek v. Board of Education* (1979), 78 Ill. App. 3d 400, 403, 397 N.E.2d 448, 451.) Conversely, although the School Code of Illinois is silent on the subject, a substitute teacher is generally regarded as one employed on a temporary basis as a replacement for a regular teacher. (See *Amos v. Board of School Directors* (E.D. Wis. 1976), 408 F. Supp. 765, 795; *Wood v. Los Angeles City School District* (1935), 6 Cal. App. 2d 400, 402, 44 P.2d 644, 645.) Since the statute in question makes no mention of substitute teachers, we cannot, in light of the requirement that we strictly construe such provision, include some teachers within its provisions. Therefore, if plaintiff cannot be said to be a probationary teacher, she was not entitled to the protection afforded by section 24—11.

Upon the facts before us, we conclude that plaintiff was a substitute teacher and did not obtain the status of a probationary teacher. Both plaintiff and her principal testified that plaintiff was employed as a temporary replacement for a regular teacher on disability leave. Indeed, Mr. Anderson stated that he made it clear to plaintiff that she was employed "on a day-to-day basis." The fact that plaintiff felt "reasonably assured" that her employment would continue for a full year does not alter the temporary nature of her employment. The testimony establishes that, although she received the higher salary of a permanent or probationary teacher in accordance with school board policy, plaintiff did not

receive the benefits of permanent or probationary employment and was not given a regular teaching contract. Considering plaintiff's unique treatment and, more importantly, her own recognition of the fact that she was employed merely as a replacement for a regular teacher, we find that plaintiff was a substitute teacher whose employment would terminate upon the return of the teacher whom she replaced.

Since we find that the trial court erroneously applied section 24—11, we need not consider whether the remedy granted below was appropriate. Therefore, the judgment of the circuit court of Crawford County is reversed.

Reversed.

JONES and HARRISON, JJ., concur.