EARLINE WOODS, Plaintiff-Appellant, v. EAST ST. LOUIS SCHOOL DISTRICT No. 189, Defendant-Appellee.

Fifth District    5—85—0365

Opinion filed September 26, 1986.

Edward L. Adelman, of Clayton, Missouri, for appellant.

Rice Law Offices, of Belleville (Philip R. Rice, of counsel), for appellee.

JUSTICE JONES delivered the opinion of the court:

The instant case presents the issue of whether the plaintiff, a substitute teacher for the defendant school district, was entitled to damages under section 21—9 of the School Code (Ill. Rev. Stat. 1983, ch. 122, par. 21—9) when she was employed as a substitute teacher in excess of the statutory maximum of 90 days in one school term. The plaintiff has appealed from the trial court's ruling for the defendant, contending that a private right of action should be implied under this section to compensate the plaintiff as an individual the statute was designed to protect. Upon consideration of applicable law, we reject this contention and, accordingly, affirm the decision of the trial court.

The plaintiff, Earline Woods, was employed as a full-time teacher for the defendant, East St. Louis School District No. 189, from 1971

to 1973 and held a full-time teacher's certificate at that time. The plaintiff did not attain tenured status with the defendant, and, during the school terms of 1973 to 1979, the plaintiff taught as a substitute teacher for the defendant, retaining her original certificate without obtaining a substitute teacher's certificate. From 1973 to 1977 the plaintiff worked more than 90 days for the defendant in each school term. In 1983, after the defendant had failed to call her back in 1980, the plaintiff filed the instant action, seeking damages as determined by the difference between a substitute and a full-time teacher's pay.

A hearing was held on the issue of liability only, and the parties stipulated that, if successful, the plaintiff would be entitled to damages in the amount of $10,473. The court subsequently found for the defendant and against the plaintiff and entered judgment accordingly.

On appeal the plaintiff contends initially that section 21—9 applied to prohibit her employment as a substitute teacher in excess of 90 days even though she was fully certified and never held a substitute teacher's certificate. The defendant counters that section 21—9 was applicable only to those teachers holding a substitute teacher's certificate and had no application to the plaintiff, who was certified as a full-time teacher. Section 21—9, entitled "Substitute certificates," provides in pertinent part:

"A substitute teacher's certificate may be issued for teaching in all grades of the common schools. Such certificate may be issued upon request of the regional superintendent of schools of any region in which the teacher is to teach. A substitute teacher's certificate is valid for teaching in the public schools of any county. Such certificate may be issued to persons who either (a) hold a certificate valid for teaching in the common schools as shown on the face of the certificate, (b) hold a bachelor of arts degree from an institution of higher learning *** or (c) have had 2 years of teaching experience and meet such other rules and regulations as may be adopted by the State Board of Education in consultation with the State Teacher Certification Board. Such certificate shall expire on June 30 in the fourth year from date of issue.

A teacher holding a substitute teacher's certificate may teach only in the place of a certified teacher who is under contract with the employing board and may teach only when no appropriate fully certified teacher is available to teach in a substitute capacity. *A substitute teacher may teach only for a period not to exceed 90 paid school days or 450 paid school hours in any one school district in any one school term.*" (Emphasis

added.)

■ In construing section 21—9 to determine its applicability to one teaching as a substitute teacher without a substitute teacher's certificate, we note that the primary function of such statutory construction is to ascertain and give effect to the intent of the legislature. The provision to be construed must be read in light of the statute as a whole and in conformity with its general dominating purpose. *Balmes v. Hiab-Foco, A.B.* (1982), 105 Ill. App. 3d 572, 434 N.E.2d 482; *Chrysler Credit Corp. v. Ross* (1975), 28 Ill. App. 3d 165, 328 N.E.2d 65.

■ As pointed out by the defendant, the purpose of section 21—9, when read as a whole, appears to be to provide for those persons seeking or holding a substitute teacher's certificate. While the emphasized portion of the above-quoted statute, upon which the plaintiff relies, includes no reference to substitute certificates in imposing limitations on substitute teachers, application of accepted rules of statutory construction leads to the conclusion that this limitation was intended for those holding substitute certificates only. Not only does the subject of substitute certificates dominate the statute, but the section as a whole, including the language relied upon by the plaintiff, is entitled "Substitute certificates." It is generally held that where the language of an act is obscure or its meaning doubtful, resort may be had to its title to enable the court to discover the intent. *People v. Malone* (1979), 71 Ill. App. 3d 231, 389 N.E.2d 908; see *Merchants National Bank of Aurora v. Olson* (1975), 27 Ill. App. 3d 432, 325 N.E. 2d 633.

We note, moreover, that the statute in effect for at least part of the period in question explicitly referred to a "teacher holding a substitute teacher's certificate" in limiting the number of days to be taught by such a teacher. Prior to October 1975 section 21—9 stated in pertinent part:

> "A teacher holding a substitute teacher's certificate may teach only in the place of a certified teacher who is under contract with the employing board, for a period not to exceed 90 paid school days *** in any one school term." (Ill. Rev. Stat. 1973, ch. 122, par. 21—9.)

Thus, the statute by its terms was not applicable to the plaintiff for the period from 1973 to October 1974 when she taught as a substitute teacher with a full-time teacher's certificate.

■ While, in the 1975 amendment, the above-quoted sentence was expanded to two sentences and the reference to the substitute teacher's certificate was not reiterated in the second sentence regarding the maximum number of days to be taught, we do not believe the

legislature intended thereby to change the meaning of the statute to limit the days taught by all substitute teachers including those with full-time certificates. Indeed, a subsequent amendment to the statute, effective August 1985, demonstrates that the legislature intended the limitation on days taught by a substitute teacher to apply, as before, to those teachers holding a substitute certificate. The 1985 amendment stated:

> "The teaching limitations imposed by this subsection *upon teachers holding substitute certificates* shall not apply in any school district operating under Article 34." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 122, par. 21—9.)

It is settled that a court may consider a subsequent amendment to a statute in determining the intent and meaning of the statute prior to amendment. (*Western National Bank of Cicero v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) Since the 1985 amendment refers explicitly to the limitations on teachers "holding substitute certificates," it appears that the limitations were intended to apply only to teachers holding such certificates.

We note finally that the State Board of Education, in adopting its rules and regulations to govern the certification of teachers, interpreted the teaching limitations of section 21—9 as applicable only to teachers holding a substitute teacher's certificate. Section 1.790 of the Illinois Administrative Code (23 Ill. Admin. Code sec. 1.790 (1985)), entitled "Substitute Teacher," states in pertinent part:

> "A teacher holding a substitute teacher [*sic*] certificate may teach only in the place of a certified teacher who is under contract with the employing board, for a period not to exceed 90 paid school days or 450 paid hours in any one school district in any one school term." (23 Ill. Admin. Code sec. 1.790(a)(2) (1985) (formerly State Board of Education Document No. 1, sec. 7—9.2 (1977)).)

It is settled that the construction of a statute by an administrative agency, although not binding on the courts, should be and is persuasive, and the court should accord substantial weight to the agency's construction. (*Olin Corp. v. Pollution Control Board* (1977), 54 Ill. App. 3d 480, 370 N.E.2d 3; *Hardway v. Board of Education* (1971), 1 Ill. App. 3d 298, 274 N.E.2d 213.) The State Board of Education interpreted the statutory limitations on substitute teachers to be applicable only to those teachers with substitute certificates, and, from our analysis of legislative intent, we agree with this interpretation. Accordingly, we find that the teaching limitations of section 21—9 were not applicable to the plaintiff, who never held a substitute certificate,

and that she could not invoke the provisions of this statute in the instant action for damages.

■ Even if it could be said that the plaintiff came within the provisions of section 21—9, we are of the opinion that no private right of action for damages should be implied for violation of this section as sought by the plaintiff. In the recent case of *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849, the supreme court set forth the test for implying such a private right, finding that a private right should be implied where (1) the plaintiffs were members of the class for whose benefit the statute was enacted, (2) implication of a private right was consistent with the underlying purpose of the act, (3) the plaintiffs' injury was one the statute was designed to prevent, and (4) implication of a private action for damages was necessary to provide an adequate remedy for practices the act sought to prevent. See *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 391, 432 N.E.2d 849, 845-55.

While the statute in the instant case fails to reveal its purpose, it appears, and, indeed, the plaintiff argues, that one purpose of the statute is to protect teachers and their tenure rights. The statute appears to be designed to prevent school boards from employing substitute teachers in the place of full-time teachers so as to circumvent the spirit and purpose of the tenure laws. (*Cf. Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 372 N.E.2d 990 (courts cannot allow school boards, whether in good or bad faith, to rearrange teaching assignments in ways which defeat the spirit and purpose of the tenure laws); see also *Kuykendall v. Board of Education* (1982), 111 Ill. App. 3d 809, 444 N.E.2d 766.) The plaintiff makes no claim that, as a substitute teacher, she was entitled to tenure (*cf. Booker v. Hutsonville School District No. 1* (1982), 107 Ill. App. 3d 357, 437 N.E.2d 937 (substitute teacher not entitled to protection afforded probationary and full-time teachers under tenure law)), or that her tenure rights were violated by the defendant's action. Since the statute was designed to protect not substitute teachers, those employed on a temporary basis as replacements for regular teachers (see 107 Ill. App. 3d 357, 437 N.E.2d 937), but, rather, full-time teachers who would be harmed by an excessive use of substitute teachers, the plaintiff did not come within the class of plaintiffs for whose benefit the statute was enacted. Implication of a private action in favor of the plaintiff, moreover, would not be consistent with the underlying purpose of the act since the teaching limitations of section 21—9 were designed to promote the use of full-time teachers rather than to afford compensation to substitute teachers who taught in excess of the days stated.

Finally, while the statute fails to set forth any remedy for its violation by a school board, it would appear that an action for injunctive relief by the State Board of Education or the teachers' union would be appropriate to counter any violation of its provisions. For these reasons we find that the factors relied upon in *Sawyer* to justify implication of a private action are absent here, and we accordingly decline to find that such an action should be implied.

Contrary to the plaintiff's assertion, the plaintiff here was not employed on a "full-time" basis so as to be entitled to full-time pay and benefits as a matter of public policy but, rather, taught merely as a substitute teacher on a temporary, day-by-day basis. While section 21—9 limits the period of time that a substitute teacher could be employed, it nowhere addresses the subject of compensation for substitute teachers who have taught in excess of the statutory period. The plaintiff here actually taught in excess of the period allowed for four years and presumably benefitted from having the opportunity for employment, and she should not now be heard to complain that she was injured so as to be entitled to damages.

For the reasons stated in this opinion, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

HARRISON and WELCH, JJ., concur.