In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1541

STEVEN CROMWELL,

*Plaintiff-Appellant,*

*v.*

CITY OF MOMENCE, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-2221—**Harold A. Baker**, *Judge.*

ARGUED SEPTEMBER 21, 2012—DECIDED APRIL 12, 2013

Before POSNER, KANNE, and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge*. Steven Cromwell was fired from his position as a police lieutenant for the City of Momence, Illinois, after an incident of alleged misconduct. Cromwell sued the City and various city officials, arguing that his termination was procedurally inadequate under the Due Process Clause of the Fourteenth Amendment. As a necessary predicate to that claim, he contends that he had a constitutionally protected

property interest in his continued public employment derived from the City of Momence Police Department Rules and Regulations. The regulations provide that probationary employees may be terminated at any time for any reason but omit similar language with regard to nonprobationary employees. This omission, Cromwell argues, vests nonprobationary employees like himself with a contractual right to continued employment in the absence of cause for termination. The district court rejected this argument and granted the defendants' motion to dismiss.

We affirm. The regulations on which Cromwell bases his claim do not contain the clear language needed to overcome Illinois's presumption of at-will employment. Something more than inference from silence is required. Because the regulations do not create a contractual right to continued employment in the absence of cause for termination, Cromwell lacked a protected property interest in his job and the Due Process Clause was not implicated by his termination.

## I. Background

Cromwell, a lieutenant in the Momence Police Department, was involved in an incident of alcohol-related misconduct in April 2010. The Chief of Police conducted an investigation, during which Cromwell is alleged to have lied to his superiors and engaged in insubordination. Several months later Cromwell received a letter from the City Council explaining that charges against

him had been filed with the Police Committee and that a recommendation had been made to terminate him. The letter stated that Cromwell was welcome (but not required) to attend a hearing regarding the charges against him, that his presence would assist the Police Committee, and that if he chose to attend, he would have an opportunity to address the charges. Cromwell and his attorney went to the hearing, but the Committee was meeting in executive session and they were denied entry. After the session ended, the City Council met as a whole and voted to terminate Cromwell's employment.

Cromwell brought this suit under 42 U.S.C. § 1983 against the City, its Mayor, and several of its City Council members alleging, as relevant to this appeal, that his termination violated his due-process rights. He argues that the Momence Police Department Rules and Regulations, adopted by City Ordinance Number 328, gave him a constitutionally protected property interest in continued public employment. These regulations provide, in relevant part:

3. PERSONNEL MATTERS:

B. All persons hired by the City Council as a police officer of the City of Momence shall be on probation for a period of twelve (12) to eighteen (18) months. . . . The officer may at any time during said period be fired for any reason by the City Council and said fact shall further be communicated to the officer at the time of his or her hiring.

. . . .

18. <u>DEPARTMENT DISCIPLINE</u>:

A. Any officer who violates any laws of the United States of America, the State of Illinois, local ordinances, any of these rules or regulations, or written or verbal orders of the Chief of Police or who is incompetent to perform his duties is subject to discipline. Disciplinary actions may be instituted by either the Chief of Police or by the Police Committee. . . .

B. The Police Committee may also institute discipline proceedings by notifying any officer in writing of any charges it wishes to bring against him or her. . . . In the event that the Police Committee determines that the violation by the officer warrants his or her firing, it shall so recommend to the City Council and the City Council shall have the final authority, after reviewing all evidence considered by the Police Committee, to terminate any such officer upon the recommendation of the Police Committee.

The district court held that these regulatory provisions did not give rise to a property interest in continued public employment and accordingly granted the defendants' motion to dismiss for failure to state a claim. Cromwell moved for reconsideration. The district court denied the motion, and this appeal followed.

## II. Discussion

We review the dismissal of Cromwell's claim de novo. *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003).

The right to due process cannot be implicated unless Cromwell was deprived of a constitutionally protected property interest. He claims that he had a property interest in continued employment as a police officer for the City of Momence. Because property interests are created by state law, we examine Cromwell's claim with reference to the law of the state where he was employed, here Illinois. *See Bishop v. Wood*, 426 U.S. 341, 344 (1976); *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

In Illinois "a person has a property interest in his job only where he has a legitimate expectation of continued employment based on a legitimate claim of entitlement." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007) (citing *Krecek v. Bd. of Police Comm'rs of La Grange Park*, 646 N.E.2d 1314, 1318 (Ill. App. Ct. 1995)). Because employment relationships in Illinois are presumed to be at will, *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 317 (Ill. 1987), establishing an expectation of continued employment requires a clear statement made in some "substantive state-law predicate," *Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003).

Cromwell bases his claim to a protected property interest on the Momence Police Department Rules and Regulations. Both parties analogize the regulations to an employee handbook or other policy statement, which counts as a state-law predicate. Promises made in an employee handbook can in certain circumstances "give rise to a legitimate claim of entitlement sufficient to be protected as a property interest." *Border v. City of*

*Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996). A promise will create an enforceable right, however, only "if the traditional requirements for contract formation are present," the first of which is that the promise must be "clear enough that an employee would reasonably believe that an offer has been made." *Duldulao*, 505 N.E.2d at 318. The promise cannot be a "mere procedural guarantee[];" rather, "substantive criteria limiting the state's discretion" is required in order for a property interest to be created. *Cain v. Larson*, 879 F.2d 1424, 1426 (7th Cir. 1989)*.* Generally, the terms of employment must provide that termination will only be "for cause" or "otherwise evince mutually explicit understandings of continued employment." *Omosegbon*, 335 F.3d at 674 (internal quotation marks and citations omitted); *see also Garrido v. Cook Cnty. Sheriff's Merit Bd.*, 811 N.E.2d 312, 319 (Ill. App. Ct. 2004) (noting that "a public employee who could only be terminated for cause" has "a property interest in her continued employment").

Nothing in the Momence regulations creates a clear promise of continued employment in the absence of cause for termination. Cromwell relies on section 3B, quoted above, which describes the probationary status of new employees and explains that they may be fired at any time and for any reason. He contrasts this with section 18A, also quoted in pertinent part above; that section provides that any officer who violates state or federal law, any city rules or regulations, or any order of the police chief may be disciplined, and lays out the procedures by which discipline may be implemented. Cromwell reads these two provisions to imply that all

*non*probationary officers have tenure and thus may be terminated only for cause. This is too much of a stretch. The mere presence of a probationary period does not by implication create an enforceable property right to continued employment for nonprobationary employees. *Cf. Campbell v. City of Champaign*, 940 F.2d 1111, 1113 (7th Cir. 1991) (refusing to infer contractual obligations from silence). An affirmative, clear promise is required. *See Border*, 75 F.3d at 274 (finding language in handbook stating that employees are subject to reprimand, suspension, and dismissal "at any time, as may be appropriate, for conduct or performance" to be too "weak" to overcome at-will presumption).

We have previously read contrasting employment-manual provisions regarding probationary and nonprobationary employees to create tenure rights, but only when coupled with other language independently suggesting an expectation of continued employment. *See Robinson v. Ada S. McKinley Cmty. Servs., Inc.*, 19 F.3d 359, 361 (7th Cir. 1994). In *Robinson* an employment manual and a letter to the employee used clear language to indicate that after successfully completing the probationary period, the employee would achieve "permanent employment status" and "tenure." *Id.* The Illinois Supreme Court reached the same result in *Mitchell v. Jewell Food Stores*, 568 N.E.2d 827 (Ill. 1990), where an employment manual specifically reserved the employer's power to discharge probationary employees "for any reason at the sole discretion of the employer," *id.* at 835, but also specified that nonprobationary employees "shall not be suspended, discharged

or otherwise disciplined without just cause," *id.* at 831. The regulations here do not contain similar language.

The presence in section 18A of a few explicit grounds for discipline does not change our conclusion. First, the listed grounds are extremely broad, leaving the City with an abundance of discretion. More importantly, section 18, entitled "Department Discipline," enumerates grounds for *discipline*, but does not purport to list all permissible grounds for *termination*. Even when enumerated grounds relate to termination specifically, we have held that the absence of a catch-all provision ("for no ground at all") preserving the employer's discretion does not imply that an employee may be terminated only "for cause." *Campbell*, 940 F.2d at 1112; *see also Border*, 75 F.3d at 276 ("[W]ithout any contractual language or implied promise limiting the employer's power to fire," specific listed reasons for discipline function as "gratuitous warnings" rather than examples of "a more general just cause concept."). That is even more true in this case: Section 18, unlike section 3B, deals with discipline up to and including dismissal rather than dismissal alone.[1] Consequently, a catch-all provision would be nonsensical. No officer would be subject to "discipline" for reasons unrelated to cause—due to budget cuts, for example, or departmental reorganization. *See* BLACK'S LAW DICTIONARY 531 (9th ed. 2009)

---

[1] Dismissal is mentioned only in section 18B as one potential type of discipline in response to an employee's violation of the rules.

(defining "discipline" as "[p]unishment intended to correct or instruct; esp., a sanction or penalty imposed after an official finding of misconduct"). But the regulations do nothing to foreclose the possibility that the City can *terminate* an employee for legitimate noncause reasons that would not subject an officer to discipline.

Cromwell also notes that the regulations do not contain any disclaimer to negate rights purportedly created by the manual. *See Duldulao*, 505 N.E.2d at 319 (noting in support of its finding of an enforceable right that "the handbook contains no disclaimers to negate the promises made"). But no disclaimer is needed where no promises were made. *See Campbell*, 940 F.2d at 1113 (rejecting the argument that "if a handbook doesn't expressly disclaim contractual obligation[,] it creates such an obligation," and noting that "[s]uch a disclaimer might be prudent[,] but it is not a sine qua non for avoiding liability"). The regulations make no clear promises; thus, there was no reason for the City to include a disclaimer.

Finally, the most natural reading of section 18 suggests that it was meant not to confer rights on employees but to lay out the powers of particular municipal authorities (the Police Committee, the Chief of Police, and the City Council) to impose discipline and describe the procedural processes to be followed. Even if the regulations created a contractual entitlement to certain disciplinary procedures for nonprobationary as opposed to probationary employees, they did not create a constitutionally protected property right to those procedures,

much less to the underlying employment. Contract rights and contractually created property rights are different. *Id.* ("Not every contract right is property."). A contractual right to certain procedures before being disciplined does not equate to a contractually created *property* right in employment itself, or even in the enumerated disciplinary procedures. *Id.*; *Cain*, 879 F.2d at 1426 ("If a statute or regulation merely delimits what procedures must be followed before an employee is fired, then it does not contain the requisite substantive predicate."). The procedures listed in section 18 and in the letter Cromwell received from the City Council do not establish a substantive entitlement to continuing public employment.

Something stronger than inference from silence is required to overcome Illinois's common-law presumption of at-will employment. In the absence of a clear promise in the regulations creating a substantive entitlement, Cromwell does not have a constitutionally protected property interest in his job with the Police Department.

AFFIRMED.