In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-3277

CANDACE HARBAUGH,

*Plaintiff-Appellant,*

*v.*

BOARD OF EDUCATION OF THE CITY OF CHICAGO
and BARBARA BYRD-BENNETT,[*] in her official
capacity as the Chief Executive Officer of
the Chicago Public Schools,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 10 C 2799—**Rebecca R. Pallmeyer**, *Judge.*

ARGUED MAY 31, 2012—DECIDED MAY 17, 2013

Before BAUER, SYKES, and TINDER, *Circuit Judges.*

SYKES, *Circuit Judge.*   From 1996 to 2003, Candace
Harbaugh worked on and off for the Chicago Public

---

[*] Jean-Claude Brizard, the former CEO of the Chicago Public
Schools, was previously named in the caption. Barbara Byrd-
Bennett has replaced him, so pursuant to FED. R. APP. P. 43(c),
we have substituted her as a defendant-appellee.

Schools as a substitute music teacher. Beginning in August 2003, she was hired as a "full-time basis substitute," and the following year she was appointed to a full-time probationary tenure-track teaching position. In the spring of 2008, the principal at Harbaugh's school recommended against renewing her contract. The Chicago Board of Education accepted that recommendation and terminated her appointment effective at the end of the semester.

Harbaugh sued the Board alleging that it violated her due-process rights under the federal and state constitutions by terminating her employment without a hearing. She also claimed that the termination was unlawful under the Illinois School Code. At issue here is the federal due-process claim, which is viable only if Harbaugh achieved the status of a tenured teacher under Illinois law and thus had a constitutionally protected property interest in continued employment. Illinois awards tenure after four years of successful probationary teaching; in other words, a teacher becomes tenured at the beginning of her fifth year of full-time employment on the tenure track. Harbaugh contends that her year as a full-time-basis substitute teacher should count toward the four-year requirement. The district court disagreed and entered summary judgment for the Board.

We affirm. Under Illinois law substitute teachers—even those employed on a full-time equivalent basis—are not considered probationary, tenure-track teachers. Harbaugh was appointed as a probationary teacher in

July 2004, so she would have achieved tenure at the start of the 2008-2009 school year. She did not make it that far, and the year she spent as a full-time-basis substitute teacher cannot be included toward the required four years as a probationary teacher. Because Harbaugh's employment was terminated at the end of the spring 2008 semester, during the final year of her probationary period, she did not achieve tenure. Accordingly, she has no due-process claim.

## I. Background

Harbaugh holds a bachelor's degree in music education. In December 1995 the Illinois State Board of Education certified her as a substitute teacher, and beginning in 1996 she started working as a day-to-day substitute music teacher for the Chicago Public Schools. At the beginning of August 2002, the State Board of Education certified her to teach music education in grades K through 12. Later that month the Chicago Public Schools hired her as a full-time-basis substitute teacher at Ravenswood Elementary School. That assignment lasted through February 2003, when she was returned to the day-to-day substitute pool.

In August 2003 the school district reassigned Harbaugh as a substitute music teacher at the James G. Blaine Elementary School, again as full-time-basis substitute. At the end of her first year at Blaine, the Chicago Teachers Union and the Board of Education struck a deal that eliminated the full-time-basis substitute-teacher classification. On November 5, 2003, Arne Duncan, then the Chief Executive Officer of the

Chicago Public Schools, sent a letter to all teachers announcing that "all regularly certified full-time basis (FTB) substitute teachers in vacant teaching positions not being held for teachers on leave will be classified as **appointed (probationary) teachers**." A follow-up letter from the department of human resources advised Harbaugh that she was reclassified as a probationary appointed teacher effective July 1, 2004. The letter also informed her that to obtain tenure, she had to complete four full school years of satisfactory probationary teaching; if she successfully completed this probationary period, she would "attain tenure with the Chicago Public Schools at the start of the fifth year of appointment."

Harbaugh served her first year as a full-time probationary teacher at Blaine. At the end of the school year—the 2004-2005 term—the principal recommended that she not be reappointed. The principal at Stephen T. Mather High School hired her for the next school year—the 2005-2006 term—and she remained at Mather for the 2006-2007 and 2007-2008 school years. In March 2008 a new principal at Mather recommended termination of her appointment. The Board accepted the principal's recommendation and terminated her employment effective at the end of June 2008. She was unable to find a full-time teaching position at any other school in the district.

Harbaugh sued the Board alleging that it terminated her employment without due process in violation of her rights under the Fourteenth Amendment and the

Illinois Constitution. She also alleged that the termination violated the Illinois School Code. The Board removed the case to federal district court, and the district judge resolved it on cross-motions for summary judgment, focusing primarily on the federal due-process claim. This claim, in turn, raised a question of state law: Did Harbaugh meet the requirements for tenure under the Illinois School Code? If so, then she had a constitutionally protected property interest in her job; if not, her due-process claim necessarily failed.

Harbaugh acknowledged that she lost her job before completing four full years as a probationary appointed teacher, but she argued that her year of work at Blaine as a full-time-basis substitute in 2003-2004 should be counted toward the total. The district judge rejected this argument as contrary to the Illinois teacher-tenure statutes. Because Harbaugh had not achieved tenure, the termination of her employment did not implicate due-process protections. Her remaining state-law claims were likewise predicated on the question of tenure, so the judge's rejection of the tenure argument resolved the entire case. The court entered summary judgment for the Board, and this appeal followed.

## II. Discussion

This case raises a single question: Did Harbaugh have tenure, entitling her to constitutional due process before her employment could be terminated? A tenured teacher may be fired only for cause, *see* 105 ILL. COMP. STAT. 5/34-85, conferring a legitimate expectation of continued employment and thus a protected property interest that

may not be terminated without due process, *see Gleason v. Bd. of Educ. of City of Chi.*, 792 F.2d 76, 79 (7th Cir. 1986) ("[A] tenured teacher [has] a protectible property interest in continued employment[,] . . . [and] due process principles require that a public employee who has a protectible interest in continued employment . . . be afforded a meaningful opportunity to rebut dismissal charges brought by the employer."). The question of tenure is governed by state law. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 494 (7th Cir. 2010) (explaining that job tenure is a property right and state law defines the right). Illinois courts "strictly construe" the teacher-tenure statutes because they replace the common-law principle of at-will employment and "interfere with the responsibility of local boards to efficiently operate the educational systems." *Johnson v. Bd. of Educ. of Decatur Sch. Dist. No. 61*, 423 N.E.2d 903, 906 (Ill. 1981).

Under Illinois law a teacher must complete four years of satisfactory service on probationary status before achieving tenure. *See* 105 ILL. COMP. STAT. 5/34-84. Harbaugh's employment was terminated just before she completed four full years as a full-time appointed probationary teacher. She argues, as she did in the district court, that her year at Blaine Elementary as a full-time substitute teacher must also count toward tenure under the Illinois School Code.[1]

Illinois law divides education professionals into several categories, each of which has its own rules for

---

[1] Harbaugh concedes that her day-to-day substitute teaching does not count toward tenure.

certification, employment, assignment, evaluation, and termination. We have previously explained the various classifications that apply in the Chicago Public Schools under Article 34 of the School Code:

> Public schools in Chicago employ several different categories of teacher, each with its own moniker and level of job stability. The most secure are tenured teachers, whom a principal can only remove for "cause." 105 [ILL. COMP. STAT.] 5/34-84. Below tenured teachers are tenure-track or "appointed" [also called "probationary"] teachers who work full time with a particular class at a specific school, and, as their name suggests, can eventually obtain substantial job security. There are also at least two kinds of non-tenure-track teachers: "cadre" substitute teachers move from school to school to cover temporary vacancies on a daily basis; and full-time basis or "assigned" substitutes work at one school full time, just like tenure-track teachers only with less seniority and without the potential job security.

*Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1057 (7th Cir. 2008).

To be certified as a substitute teacher in Illinois, an applicant needs only a bachelor's degree from an accredited or recognized institution of higher learning. *See* 105 ILL. COMP. STAT. 5/21-9(a). By contrast, a new probationary teacher must

> (1) have completed an approved teacher preparation program, (2) [be] recommended by an approved teacher preparation program, (3) have successfully completed the Initial Teaching Certification examina-

tions required by the State Board of Education, and (4) have met all other criteria established by the State Board of Education in consultation with the State Teacher Certification Board.

*Id.* 5/21-2(b).[2] An "approved teacher preparation program" requires a bachelor's degree reflecting completion of a required number of education-related courses, plus student teaching, an internship, or a practicum. *See* Illinois State Board of Education, *Directory of Approved Programs for the Preparation of Educational Personnel in Illinois Institutions of Higher Education* (Apr. 2013), http://www.isbe.net/profpre/PDFs/directory.pdf, at 77-78 (last visited May 2, 2013). Completion of these requirements and the remaining statutory criteria qualifies an aspiring teacher for an initial teaching certificate. An initial teaching certificate ripens into a standard teaching certificate after four years of full-time teaching—the same length of time required to earn tenure. *See* 105 ILL. COMP. STAT. 5/21-2(c)(1).

The hiring process varies according to certification and position. A school principal "appoints" certified probationary teachers to the faculty, but substitute teachers are "assigned" to the school by human resources. *See id.* 5/34-8.1, 5/34-84. A probationary "appointed" teacher achieves tenure after satisfactory com-

---

[2] These requirements were in effect during Harbaugh's term of employment. They are set to expire on June 30, 2013, when a new system of educator licensure takes effect. *Compare* 105 ILL. COMP. STAT. 5/21, *with* 105 ILL. COMP. STAT. 5/21B-20.

pletion of four full years of teaching, *see id.* 5/34-84, and probationary tenure-track teachers are subject to a more rigorous system of evaluation than full-time-basis substitutes, *see id.* 5/34-85c. Moreover, a principal or human-resources officer may much more easily transfer a full-time-basis substitute between classroom assignments. *See Filar*, 526 F.3d at 1057. If a principal decides to terminate a probationary teacher's employment, the teacher is entitled to a written explanation of the reasons for nonrenewal. *See* 105 ILL. COMP. STAT. 5/34-84. A full-time-basis substitute has no such right. Thus, from hiring through firing, Illinois law distinguishes between probationary "appointed" teachers and substitute teachers—even substitutes working on a full-time basis.

Illinois caselaw confirms this understanding of the teacher-tenure rules. Most directly applicable here is *Booker v. Hutsonville School District No. 1*, which holds that a full-time substitute teacher is not the same as a probationary teacher when calculating service toward tenure. 437 N.E.2d 937, 941 (Ill. App. Ct. 1982) ("We are of the opinion that the status of a probationary teacher is separate and distinct from that of a substitute teacher. . . . [A] substitute teacher is generally regarded as one employed on a temporary basis as a replacement for a regular teacher."). Subsequent cases are in accord. *See Woods v. E. St. Louis Sch. Dist. No. 189*, 498 N.E.2d 801, 805 (Ill. App. Ct. 1986) (citing *Booker* as holding that a "substitute teacher [is] not entitled to protection afforded probationary and full-time teachers under tenure law"); *Kuykendall v. Bd. of Educ. of Evanston Twp.*

*High Sch. Dist. No. 202*, 444 N.E.2d 766, 770 (Ill. App. Ct. 1982) ("[N]either part-time teaching (*Johnson)* nor substitute teaching (*Booker*[]) is probationary service which can be relied upon by a non-tenured teacher to establish tenure.").

*Booker*, in turn, drew on the reasoning of an earlier case that also involved a substitute teacher, though one who moved from classroom to classroom. *See People ex rel. Thomas v. Bd. of Educ. of City of Chi.*, 188 N.E.2d 237 (Ill. App. Ct. 1963). In *Thomas* a substitute teacher sought to combine her years of substitute teaching with her years as a probationary appointed teacher to achieve tenure. The Illinois appellate court rejected this reading of the tenure statutes, holding that substitute teachers are "mere temporary employees [who] cannot, by performing such services as temporary employees, gradually acquire civil service or tenure rights." *Id.* at 240.

Harbaugh essentially asks us to take a functional approach to evaluating her time as a full-time-basis substitute at Blaine. She points out that she worked the same hours as a tenured or tenure-track teacher, received the same pay, and was responsible for the same daily educational duties. Viewed from the standpoint of the day-to-day instruction in the classroom at Blaine, the only thing separating her from the other teachers was the label on her personnel file. But the distinction makes a difference under Illinois law. Substitute teachers—even long-term substitutes—are simply not the same as tenured or tenure-track teachers. Substitutes are treated differently for certification,

hiring, assignment, evaluation, and termination; the important difference here is that service as a substitute teacher does not qualify towards tenure. *Booker*, 437 N.E.2d at 941. Harbaugh's year as a full-time-basis substitute therefore does not count as part of her probationary period. Because she did not achieve tenure, she has no constitutionally protected property interest in continued employment, a "necessary predicate" to her due-process claim. *Cromwell v. City of Momence*, 2013 WL 1490099, at *1 (7th Cir. Apr. 12, 2013). The district court properly granted summary judgment for the Board.

AFFIRMED.